FILED
SUPERIOR COURT
OF GUAM

2019 FEB 15 AM 10: 50

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOSHUA F. PETER, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCIS GILL, ET AL..,<br><br>Defendants. | Superior Court Case No. <u>CV0426-18</u><br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION TO DISMISS** |

The Court here considers Defendants Francis Gill, Stephanie Mendiola, and Cyfred, Ltd.'s Motion to Dismiss for failure to join indispensable parties and for failure to allege sufficient facts establishing a tolling of the applicable statutes of limitations. Finding that Plaintiffs' Fraud and Deceptive Trade Practices Act (DTPA) claims are time-barred, the Court GRANTS IN PART the Motion. However, finding that all remaining claims to be timely and unaffected by Rule 19, the Court DENIES the Motion in part.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The 24 plaintiffs filed the following claims: (1) Equitable Estoppel against and Breach of Contract by Cyfred, and/or Francis Gill; (2) Fraud by Gill and/or ratified by Cyfred; (3) Deceptive Trade Practice Act claims against Gill and/or Cyfred; (4) Breach of Contract by Gill and/or Cyfred with regard to a March 14, 2013 promise; (5) Promissory Estoppel against and Breach of Contract by Gill and/or Cyfred for that March 14, 2013 promise; (6) Declaratory Judgment claims against Mendiola regarding 14 alleged illegal or invalid foreclosure sales; and

# ORIGINAL

(7) Quiet title claims against Mendiola regarding the titles to those same 14 closure sales. First Am. Compl. (May 11, 2018).

These claims arise out of the alleged breach by Cyfred and Gill of a settlement agreement between themselves and numerous Gill-Baza Subdivision homeowners. The settlement agreement promised these homeowners lots in the subdivision with clear title, but Cyfred and Gill allegedly failed to fulfill that promise. Instead, according to the Complaint, Mendiola remains the registered owner of homeowners' lots. Compl. ¶ 20 (Apr. 30, 2018).

In seeking title to their homes, the homeowners sued Cyfred, Gill, and Mendiola. Their first lawsuit, *United Pacific Islanders' Corp., et al. v. Gill, et al.*, CV0934-15 ("*UPIC I*"), was filed on October 5, 2015, and dismissed without prejudice on January 27, 2016. *UPIC I* (Dec. and Order, Jan. 27, 2016). Many of these same homeowners then filed *United Pacific Islanders' Corp., et al. v. Gill, et al.*, CV0073-16 ("*UPIC II*") on January 28, 2016. The court dismissed *UPIC II* without prejudice on November 30, 2016, for failing to join indispensable parties under Guam Rule of Civil Procedure 19. *UPIC II* (Dec. and Order, Nov. 30, 2016). The plaintiffs in that case filed a Notice of Appeal on June 30, 2017, but the Supreme Court dismissed the appeal on January 11, 2018, for lack of jurisdiction and further found that a previously filed Motion for Stay was moot. *UPIC II*, CVA17-016 (Order Dismissing Appeal, Jan. 11, 2018). The *UPIC II* plaintiffs then filed another Notice of Appeal on January 25, 2018, concerning the same Motion for Stay that was deemed moot in the previous appeal, and this later appeal was dismissed on May 3, 2018, when the plaintiffs admitted to not filing an opening brief because the matter was moot. *UPIC II*, CVA18-003 (Order Dismissing Appeal, May 3, 2018).

ORIGINAL

Plaintiffs here filed the present action on April 30, 2018, differentiating this lawsuit from the two previous ones by narrowing its subject matter: the other two lawsuits included claims involving Cyfred's and Gill's unwillingness to resolve water and electrical problems for various lots in the Subdivision, whereas this lawsuit solely focuses on Plaintiffs' title claims. Pl.'s Opp'n to Def.'s Mot. Dismiss at 3 (July 24, 2018). Defendants disagree with the characterization that this case differs from prior ones and in response, move to dismiss for failure to join indispensable parties, namely, the other 40 parties subject to the settlement agreement, also represented by Plaintiffs' counsel, Wayson Wong. Mot. Dismiss at 1 (June 26, 2018). They also seek dismissal for Plaintiffs' failure to allege sufficiently specific facts establishing a tolling of the statute of limitations for allegations in the complaint that are facially time-barred. *Id.*

## II. LAW AND DISCUSSION

### A. Dismissal for Failure to Affirmatively Plead Sufficient Facts Establishing Tolling of the Statutes of Limitation

The Court first decides whether Plaintiffs' complaint--filed almost five years after their claims allegedly arose on June 5, 2013--is time-barred. If a plaintiff's complaint is facially time-barred without the benefit of tolling, the plaintiff must affirmatively plead facts that support the tolling of the limitations period. *Amsden v. Yamon*, 1999 Guam 14 ¶¶ 13-15. Failure to affirmatively plead specific facts fatally subjects the case to dismissal. *Id.* ¶ 12.

Plaintiffs argue that the Complaint pleads facts that support the tolling of the limitations period in two ways: by asserting the pendency of the previously dismissed cases and by noting Gill's and Mendiola's absence from Guam for at least two years. Pl.'s Opp'n to Def.'s Mot. Dismiss at 17-18. Specifically, "the time during which [the previous] cases were pending from 2015 to 2018 should not be counted as to when any statute of limitations would or has run."

ORIGINAL

Compl. ¶ 68. And: "both Francis Gill and Stephanie Mendiola were absent from Guam for long periods of time and any statute of limitations would not run against them during any such absence." *Id.* ¶ 69.

Guam law recognizes tolling for claims pending before a court. Taking judicial notice of the previous two lawsuits, the Court finds that in total, the pending cases would toll any applicable statutes of limitations by 616 days. CV0934-15 tolled the clock from October 5, 2015, to January 27, 2016, while CV0073-16 tolled any statutes from January 28, 2016, to November 30, 2016. Plaintiffs did not appeal the trial court's dismissal until June 30, 2017, which tolled the statutes until the Supreme Court Order for Dismissal on January 11, 2018. However, the subsequent appeal did not toll Plaintiffs' causes of action because "the commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir. 1992) (citing *Silverberg v. Thomson McKinnon Sec., Inc.*, 787 F.2d 1079, 1082 (6th Cir. 1986)). As the Supreme Court stated in the first appeal, "this court lacks jurisdiction, [and] the Motion for Stay is therefore rendered moot." *UPIC II*, CVA17-016 (Order Dismissing Appeal at 5). The subsequent appeal involved the previously denied Motion for Stay and the plaintiffs themselves admitted "this appeal was rendered moot" by the previously filed appeal. *UPIC II*, CVA18-016 (Order Dismissing Appeal at 1). As such, the second appeal does not toll the applicable statutes of limitations in this case.

As for Gill's and Mendiola's absence from Guam, however, the Court finds that Plaintiffs did not sufficiently plead equitable tolling for their claims pursuant to Guam's tolling statute, 7 GCA § 11403. Under section 11403, "[i]f, when the cause of action accrues against the person,

he is out of Guam, the action may be commenced, within the term herein limited, after his return to Guam and if, after the cause of action accrues, he departs from Guam, the time of his absence is not a part of the time limited for the commencement of the action."

Here, the complaint merely says that "both Francis Gill and Stephanie Mendiola were absent from Guam for long periods of time and any statute of limitations would not run against them during any such absence." Compl. ¶ 69. Though Plaintiffs assert that Guam is a notice pleading jurisdiction and that this simple statement sufficiently provides Defendants with notice as to the Plaintiffs' possible claims and defenses, the Court disagrees. A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co.*, 2010 Guam 13 ¶ 52. And to support a tolling, a plaintiff "must plead facts which show an excuse [or] tolling... [and] must plead affirmatively *specific* facts." *Amsden*, 1999 Guam 14 ¶¶ 12, 16 (emphasis added). In *Amsden*, the plaintiff omitted any reference to the date his cause of action accrued, which was a necessary fact in determining when accrual of his action began and whether tolling applied. *Id*. In this case, the complaint does not allege any dates of absence, or even facts stating that neither Gill nor Mendiola had residences on Guam where they could be served. Simply stating that Defendants were absent from Guam for long periods of time does not show facts establishing tolling. Therefore, besides the applicable tolling due to the pendency of the previous cases, Plaintiffs have failed to affirmatively plead specific facts establishing equitable tolling based on Defendants' absence from Guam.

Applied to the claims asserted in this case, the applicable statutes of limitations were tolled for 616 days, as summarized below.

| TOLLING | | | | |
|---|---|---|---|---|
| | CV0934-15 | CV0073-16 | CVA17 | TOTAL |
| Complaint Filed | 10/5/2015 | 1/28/2016 | 6/30/2017 | |
| Case Dismissed | 1/27/2016 | 11/30/2016 | 1/11/2018 | |
| Total Days | 114 | 307 | 195 | 616 |

Though the parties entered into the settlement agreement promising Plaintiffs lots in March 2013, Plaintiffs claim that it was only on June 5, 2013, that Gill informed them that Cyfred would not provide them with their lots "free and clear" as to Stephanie Mendiola's claims or encumbrances. Pl.'s Opp'n to Def.'s Mot. Dismiss at 18; Compl. ¶ 42. As the subsequent analysis will show, whether the claims arose in March or in June does not make a difference as to whether the claims are time-barred. Therefore, taking Plaintiffs' allegation as true, their various claims began to run on June 5, 2013. There are 1,790 days (more than four years) between June 5, 2013, and the filing of the complaint in this case.

Under Guam law, a plaintiff must file a claim for breach of contract within four years of "the date upon which occurred the facts that aggrieved party claims permits him to rescind the contract. Where the ground for rescission is fraud or mistake, the time does not begin to run until the aggrieved party discovers the facts constituting the fraud or mistake." 7 GCA § 11303. Four years after June 5, 2013, is June 5, 2017, a total of 1,461 days. A toll of 616 days means Plaintiffs' breach of contract claims - counts one, four, and five - are not facially time-barred, as Plaintiffs fall well within the 2,077 days in which they can bring their claims.

Turning to fraud, an action must be filed within three years after the discovery by the aggrieved party of the facts constituting fraud or mistake. 7 GCA § 11303(d). A DTPA claim must also be filed "within three (3) years after the date on which the false, misleading, or deceptive act or practice or prohibited act occurred or...after the consumer discovered or in the

exercise of reasonable diligence should have discovered" the act." 5 GCA § 32121. Three years after June 5, 2013, is June 6, 2016--a total of 1097 days. Tolled for 616 days means Plaintiffs' DTPA claim and fraud claim are facially time-barred, as Plaintiffs failed to file before 1,713 days passed after their claims first arose.

Finally, a quiet title action generally must commence within five years. *See* 7 GCA § 11205. Five years after June 5, 2013, is June 5, 2018. In that regard, Plaintiffs' quiet title claim is not facially time-barred. The Declaratory Judgment claim against Mendiola seeks a declaration that the deeds are null and void, and therefore the five-year statute of limitations also applies--and does not bar--this claim.

The Court summarizes the time calculations below:

| STATUTES OF LIMITATION | | | | |
|---|---|---|---|---|
| | Fraud - 3 years | DTPA - 3 years | Breach of Contract - 4 years | Quiet title (and Decl. J.) - 5 years |
| Date of Discovery (6/5/2013) | | | | |
| Days under applicable SOL | 1097 | 1097 | 1461 | 1826 |
| Tolling | 616 | 616 | 616 | 616 |
| Days to File Claim | 1713 | 1713 | 2077 | 2442 |
| Date of SOL expiration | 2/12/2018 | 2/13/2018 | 2/11/2019 | 2/11/2020 |

As it may be possible for Plaintiffs to plead specific facts establishing Gill and Mendiola were off island from 2013 onward, the Court dismisses those time-barred claims without prejudice, and proceeds to entertain Defendants' motion to dismiss due to lack of proper joinder only with regard to the breach of contract and quiet title claims.

**B. Dismissal under Rules 12(b)(7) and 19**

Defendants seek dismissal under GRCP 12(b)(7) for failing to join necessary and indispensable parties. Rule 19(a) provides that a person shall be joined as a party in the action if:

> (1)   in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2)   the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
> > (i)   as a practical matter impair or impede the person's ability to protect that interest or
> >
> > (ii)  leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

In applying this rule, the Court must first consider whether absent parties are necessary parties, and if so, whether joinder is possible. *Agana Beach Condo. Homeowners' Ass'n v. Mafnas*, 2013 Guam 9 ¶ 57. It is only if a party is necessary, but joinder is not possible that the Court then determines whether a party is indispensable under Rule 19(b). *Benavente v. Taitano*, 2006 Guam 15 ¶ 46. An absent party is necessary if the moving party, who has the burden of persuasion in arguing for dismissal, satisfies one of the three tests outlined in Rule 19(a). *Id.* ¶ 76.

Rule 19(a)(1) requires an absentee's presence when "complete relief cannot be accorded among those already parties." "The focus is on the relief between the parties to the present action, and not on the possibility of further litigation between a party and the absentee." *Benavente*, 2006 Guam 15 ¶ 59 (quoting *Morgan Guar. Trust Co. v. Martin*, 466 F.2d 593, 598 (7th Cir. 1972)).

Plaintiffs claim to be "all the persons or entities that may have an interest in [the] title claims" promised to them by Cyfred and Gill under the settlement agreement. Pl.'s Opp'n to Def.'s Mot. Dismiss at 2-3. The case does not include homeowners with claims involving the "anticipatory breach of the [settlement agreement] by Cyfred and Mr. Gill as to their promises to correct the water and power problems at the Subdivision" which the previous two lawsuits included. *Id.* at 3.

ORIGINAL

Defendants argue that the Plaintiffs from the previous two lawsuits *should* be included. Defendants "intend to interpose the defense that Mr. Wong was not authorized to sign the Settlement Agreement and it is therefore void and unenforceable...[t]his defense will affect the interests of all the absent parties." Mot. Dismiss at 5. Defendants also suggest that generally, "all parties to [a] contract are deemed necessary ones to the litigation." *Id.* at 6. Finally, "[r]ulings in this action could leave absent parties exposed to claims for indemnity they can only adequately defend if they are part of this action." *Id.* at 9.

The Court finds Defendants' arguments unpersuasive. Under Rule 19(a), a court must determine whether parties are necessary parties based on how a case is pleaded, not on any of the defendant's potential counterclaims or defenses. *See Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990); *La Chemise Lacoste v. General Mills, Inc.*, 53 F.R.D. 596, 601 (D. Del. 1971), *aff'd*, 487 F.2d 312 (3rd Cir. 1973). As the pleadings in this case now stand, Plaintiffs seek to quiet title for the 14 foreclosed lots in Mendiola's name and damages for Defendants' failure to deliver those titles to Plaintiffs, in breach of the settlement agreement. Complete relief is possible between the present parties because the claims in this case only involve title claims which Wong's other clients do not have.

Other parties are also not necessary under Rule 19(a)(2). Here, the Court must first analyze "what are the absentee's interests, if any." *Benavente*, 2006 Guam 15 ¶ 62. The interest does not have to be "legally protected" but instead can simply be "an interest in the subject matter of the litigation." *Agana Beach*, 2013 Guam 9 ¶ 67. Second, under subsection (i), the Court must find whether "as a practical matter, [] a judgment [will] impair or impede the absentee's ability to protect that interest." *Benavente*, 2006 Guam 15 ¶¶ 63-64. A judgment "may

impair a party's right if it reduces the probability of winning a subsequent lawsuit or places that party in a less favorable bargaining position." *Agana Beach*, 2013 Guam 9 ¶ 67 (quoting *Picciotto*, 512 F.3d 9, 16 (1st Cir. 2008)). Alternatively, the Court can analyze under subsection (ii) whether a party's absence would subject a person or entity who is already a party to the case to possibly inconsistent obligations. *See* GRCP 19(a)(2)(ii).

Again, Defendants claim the absent parties have an interest in the subject matter of the litigation because the Plaintiffs' rights to free and clear title rest on promises made under the settlement agreement which Defendants dispute is valid and enforceable. Mot. Dismiss at 6. In support of their argument, Defendants repeatedly cite *UPIC II* which held that "the absent parties, as parties to a contract, regardless of which category of claims they fall into, are allegedly owed obligations, the resolution of which could potentially affect their interests." *UPIC II* (Dec. and Order, Nov. 30, 2016).

The Court finds, however, that the absent parties had no such interest in the settlement agreement. The alleged interests of the forty missing parties would be breach of contract claims against Cyfred and Gill for failing to install water lines in the Gill Baza Subdivision as required by the settlement agreement. *See* Mot. Dismiss at 3. As analyzed previously, any breach of contract claims involving the settlement agreement must be brought within four years from which the aggrieved party discovers the breach. *See* 7 GCA § 11303. Four years after June 5, 2013, including the 616 days the statute of limitations was tolled during the pendency of the previous cases totals 2,077 days. That means any party hoping to bring breach of contract claims under the settlement agreement had to file them by February 11, 2019. The absent parties did not do so and would be time-barred from doing so in the foreseeable future. Accordingly, any

judgment in this case regarding the settlement agreement has no risk of impairing any absent person's interest and no risk of subjecting present parties to inconsistent obligations.

As none of the absent parties are necessary parties to this cause of action, the Court declines to address whether an absent party is indispensable under GRCP 19(b).

## III.    CONCLUSION

Based on the foregoing arguments, the Court hereby **GRANTS** the Motion in part and **DISMISSES** without prejudice Plaintiffs' second and third counts alleging fraud and violations of the DTPA. The Court further **DENIES** the Motion to Dismiss under rules 12(b)(7) and 19.

SO ORDERED this 15th day of February 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
box of:

W. WONG
VAN DE VELD
Date: 2/15/19   Time: 11AM
UMANA
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL